IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE RYAN COMPANY, INC.<br>15 Commerce Way<br>Norton, Massachusetts 02766,<br><br>    Plaintiff,<br><br>v.<br><br>PA SOLAR PARK II, LLC, c/o<br>CONSOLIDATED EDISON<br>DEVELOPMENT, INC.<br>100 Summit Lake Drive, Suite 410<br>Valhalla, New York 10595,<br><br>    Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

Plaintiff, The Ryan Company, Inc. ("Ryan"), by and through the undersigned counsel, brings the following civil action against Defendant, PA Solar Park II, LLC, c/o Consolidated Edison Development, Inc. ("PA Solar"), and avers as follows:

**INTRODUCTION**

1. This is a breach of contract case where the owner of a construction project has refused to pay its general contractor in full for completed work. Defendant, PA Solar, the Owner of a large solar array construction project, has refused to pay full amounts owed and past due to Ryan, its general contractor on that project, for properly and timely completed work under the parties' executed contract. Exhibit A, hereto. PA Solar owes Ryan in excess of $1,354,325.61 as a result of its breach of the construction contract.

## THE PARTIES

2. Plaintiff, The Ryan Company, Inc., is a Massachusetts corporation with its principal place of business at 15 Commerce Way, Norton, Massachusetts 02766.

3. Defendant, PA Solar Park II, LLC c/o Consolidated Edison Development, Inc., is a Delaware limited liability company with its principal place of business at 100 Summit Lake Drive, Suite 410, Valhalla, New York 10595.

## JURISDICTION AND VENUE

4. This action is properly commenced in the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of diverse jurisdictions, and the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

5. Venue in this action lies in the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391, as the events and project site giving rise to this cause of action occurred and is located within this District.

6. The forum selection clause contained in the contract executed between Ryan and PA Solar, designating the City of New York, New York as the proper forum for dispute resolution, is not enforceable under Pennsylvania law.

7. 73 P.S. § 514 provides "[m]aking a contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable."

## FACTS

8. On August 15, 2019, Ryan, as general contractor, entered into an Engineering, Procurement and Construction Agreement (the "Agreement"), with PA Solar, as Owner, for the

construction and development of an onsite solar photovoltaic system (the "Project" or "PV Facility") located in Nesquehoning, Pennsylvania, as more particularly described in the ALTA Boundary Survey attached to the Agreement (the "Site") for a total base contract price of $11,272,403.00. A true and correct copy of the Agreement is attached hereto as Exhibit A. Any capitalized term not otherwise defined herein shall have the meaning set forth in the Agreement.

9. The Agreement provided that the PV Facility would be interconnected to the electric transmission system of PPL Electric Utilities Corporation.

10. The Agreement further provided that PA Solar obtained the necessary zoning approvals from the Nesquehoning Borough Hearing Board, as well as the necessary construction and environmental permits. *See* Exhibit A at pg. 1.

11. The civil design for the PV Facility was performed directly for PA Solar by its third-party engineer, Lehigh Engineering ("Lehigh").

12. PA Solar required Ryan to use Lehigh's civil designs in performing its civil construction obligations pursuant to the Agreement. All Work at issue on the Project was based on designs provided by PA Solar. PA Solar warranted the adequacy of its design for its intended purpose.

13. On May 29, 2020, Ryan achieved Substantial Completion of the Project, which was accepted by PA Solar. *See* Exhibit B.

14. Pursuant to Section 10.02 of the Agreement, Substantial Completion requires that the PV Facility and/or the Work "conforms to the requirements of [the] Agreement, and has been inspected and accepted by Owner." *See* Exhibit A at §10.02.

15. The Agreement further provides Substantial Completion is reached when the Facility is "mechanically, electrically and functionally complete and capable of safe delivery of

electrical energy . . .", "is available for full commercial operation . . . in compliance with . . . all Applicable Laws . . .", and "compl[ies] with all Permits[.]"

16. In connection with Substantial Completion by Ryan, PA Solar took care, custody, and control of all of the Work and began operations at the PV Facility.

17. Pursuant to Sections 11.02 and 12.02 of the Agreement, at that time, the risk of loss to the Work and PV Facility transferred to PA Solar and the two-year Contractor Warranty Period commenced.

18. Section 5.02 of the Agreement requires that 50% of Retainage is to be released and paid upon Substantial Completion of the Project.

19. Following Substantial Completion of the Project, on or about August 4, 2020, Ryan submitted invoice #12 in the amount of $553,587.42 for the release and payment of 50% of Retainage pursuant to the terms of the Agreement. A true and correct copy of the invoice is attached hereto as Exhibit C.

20. After PA Solar failed to pay the Retainage due under the Agreement, Ryan submitted the invoice again on October 27, 2020. *See* Exhibit C.

21. PA Solar never responded to, disputed, or paid the invoice and that amount plus interest and costs remains due and unpaid as of this date.

22. On March 4, 2021, Ryan submitted invoice #13 in the amount of $165,447.25 to correct a calculation error in the schedule of values that resulted in an under billing of the lump sum contract price. A true and correct copy of the invoice is attached hereto as Exhibit D.

23. PA Solar agreed to process the payment immediately, but never did so.

24. PA Solar similarly has failed to pay amounts owed and due to Ryan under the Agreement for surface rock removal in significantly greater quantities than contemplated under

the Agreement.

25. Specifically, Ryan incurred costs of $132,424.53 in the removal of boulders and rocks on the Project, which was additional, changed Work, not contemplated by the Agreement and the design documents provided by PA Solar, inclusive of the Geotech Report provided by PA Solar and attached as Exhibit Q-4 to the Agreement.

26. Subsequent to Substantial Completion, PA Solar chose to remove all Work remaining to be completed under the Agreement, initially limited Ryan's ability to participate in discussions with respect to the Work at issue and later ceased all communications with Ryan related to the Work at issue, instead only communicating with Ryan's subcontractor.

27. As a result of PA Solar's decision, Ryan submitted its final invoice on July 19, 2021 in the amount of $471,772.44. A true and correct copy of the invoice is attached hereto as Exhibit E.

28. The invoice included the remaining portion of the contract price, as adjusted to account for the Work removal PA Solar requested as well as certain deductions.

29. On October 8, 2021, the Pennsylvania Department of Environmental Protection ("PADEP") issued an Earth Disturbance Inspection Report (the "Report") to PA Solar related to the Site. In the "Compliance Assistance Measures" Section of the Report, PADEP noted activities to be completed in order to avoid certain environmental violations related to, among other things, drainage facilities at the Project.

30. On October 14, 2021, PA Solar sent a warranty claim to Ryan under Section 12.02 of the Agreement for Ryan's alleged "failure to engineer, design, procure, install, construct, start-up and commission the Facility in accordance with its Environmental permits, as required under Section 2.01 of the EPC Agreement."

31. PA Solar attached the PADEP October 8, 2021 Report in support of its warranty claim. The warranty claim did not allege that Ryan failed to complete the applicable Work in conformity with the Owner-provided designs.

32. All of the activities and issues included in the PADEP's Report relate to the Owner's failure to maintain proper ground cover and to maintain the erosion control of the facility or are the result of a defect in the Owner's design, as the Work installed by Ryan was in full conformity with the Owner-provided design.

33. Ryan responded to PA Solar's warranty claim on October 20, 2021, and after conducting a thorough investigation, denied the warranty claim on November 1, 2021, as the Report prepared by the PADEP implicated issues related to lack of maintenance by PA Solar and improper civil design by third-party Lehigh.

34. Despite Ryan's Substantial Completion shifting the risk of loss, and acceptance thereof by PA Solar, under the Agreement, PA Solar continued to improperly and inexcusably withhold the above-described Retainage and other amounts due under the Agreement.

35. Ryan has complied with the Dispute Resolution Provisions in Article XXI, Section 21.01 of the Agreement by first attempting to resolve the dispute through friendly consultations between the parties, and subsequently requesting submission of the dispute to a PA Solar Senior Executive. A true and correct copy of Ryan's July 20, 2021 letter is attached hereto as Exhibit F.

36. Upon information and belief, PA Solar will remain in breach of the Agreement and refuse to pay amounts due to Ryan under the Agreement absent Court intervention.

## COUNT I
## BREACH OF CONTRACT

37. Ryan hereby incorporates all preceding paragraphs as if fully set forth at length herein.

38.     Ryan and PA solar entered into a valid and binding Agreement on August 15, 2019, whereby Ryan would perform civil construction services for the Project for a total base contract price of $11,272,403.00.

39.     Ryan fully and timely performed its obligations under the Agreement and achieved Substantial Completion of the Project pursuant to Section 10.02, which Work was inspected and accepted by PA Solar.

40.     PA Solar materially breached the Agreement, causing Ryan damages, by failing and refusing to pay Ryan amounts due under the Agreement, including by withholding Retainage that is owed to Ryan upon Substantial Completion in the amount of $553,587.42.

41.     PA Solar breached the Agreement, causing Ryan damages, by refusing to pay Ryan the outstanding invoice amounts due under the Agreement as a result of an under billing of the lump sum Contract Price in the amount of at least $165,447.25.

42.     PA Solar breached the Agreement, causing Ryan damages, by refusing to pay Ryan the remaining contract balance of $471,772.44 as a result of PA Solar's decision to remove all Work remaining to be completed under the Agreement subsequent to Substantial Completion.

43.     PA Solar breached the Agreement, causing Ryan damages, by refusing to pay Ryan additional costs incurred in the amount of $132,424.53 as a result of Ryan's need to perform surface rock removal in significantly greater quantities than contemplated under the Agreement or the Geotech Report provided by PA Solar attached thereto.

**WHEREFORE**, Plaintiff, The Ryan Company, Inc., respectfully requests that judgment be entered in its favor and against Defendant PA Solar Park II, LLC c/o Consolidated Edison Development, Inc., in the amount of $1,323,231.64, plus interest calculated at the rate set forth in the Agreement, cost of suit, and any other such relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

44. Ryan hereby incorporates all preceding paragraphs as if fully set forth at length herein.

45. PA Solar received an enormous benefit as a result of Ryan's performance under the Agreement by obtaining Substantial Completion of the Project without having to pay the agreed upon contract price for said completion as described herein.

46. PA Solar acknowledged Substantial Completion of the Project by inspecting and accepting the Work.

47. This benefit came at the expense of Ryan performing the Work under the Agreement for which it was not paid by PA Solar and for which it is still owed.

48. It would be unjust and inequitable for PA Solar to benefit from Ryan's civil construction services without having to pay the agreed upon contractual amounts for such services provided for in the parties' Agreement.

**WHEREFORE,** Plaintiff, The Ryan Company, Inc., respectfully requests that judgment be entered in its favor and against Defendant PA Solar Park II, LLC c/o Consolidated Edison Development, Inc., in the amount of $1,323,231.64, plus interest calculated at the rate set forth in the Agreement, cost of suit, and any other such relief as this Court deems just and proper.

                            Respectfully submitted,

                            COZEN O'CONNOR

Dated January 4, 2023        By: */s/ Jonathan Ciriello*
                            Jonathan M. Ciriello (#319454)
                            Alexander B. Thompson (*of counsel*)
                            One Liberty Place
                            1650 Market Street, Suite 2800

Philadelphia, PA 19103
Tel: (215) 665-2732
Fax: (215) 253-6800
jciriello@cozen.com
alexanderthompson@cozen.com

*Of Counsel*

Lawrence M. Prosen
COZEN O'CONNOR
1200 19th Street, NW
Washington, DC 20036
Tel: (202) 304-1449
lprosen@cozen.com

*Counsel for Plaintiff The Ryan Company, Inc.*

9